BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Christopher M. Kolkey (State Bar No. 300206)
  ckolkey@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Osama Ahmed Fahmy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC., a Delaware corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. DIRECT COPYRIGHT INFRINGEMENT**<br><br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Osama Ahmed Fahmy, for his Complaint against Live Nation Entertainment, Inc. and Does 1 through 10, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the present action pursuant to 28 U.S.C. Sections 1331 and 1338(a) because it arises under the United States Copyright Act.

2. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district and Live Nation may be found in this district.

## PARTIES

3. Plaintiff Osama Ahmed Fahmy is an Egyptian national who resides in greater Cairo, Egypt. He is the nephew and heir of the late Baligh Hamdy, one of the most popular and influential 20th century Egyptian music composers. As further alleged below, Plaintiff owns, together with other Hamdy heirs, the copyright to the musical composition *Khosara, Khosara*.

4. Plaintiff is informed and believes, and on that basis alleges, that defendant Live Nation Entertainment, Inc. is a Delaware corporation with its principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Plaintiff is informed and believes, and on that basis alleges, that on or around January 25, 2010, Ticketmaster Entertainment, Inc. and Live Nation, Inc. merged to create Live Nation Entertainment, Inc., at which time Live Nation, Inc. changed its name to Live Nation Entertainment, Inc. (Live Nation Entertainment, Inc. f/k/a Live Nation, Inc. is hereinafter referenced as "Live Nation".)

5. On information and belief, Live Nation is, *inter alia*, a leading sponsor, producer, and promoter of popular music concerts. On information and belief, Live

1 Nation owns, operates, has exclusive booking rights for, or has an equity interest in
2 many venues at which its concerts are held. On information and belief, since no
3 later than 2008, Live Nation has served as the sponsor and promoter for the live
4 shows and tours of the rapper Jay-Z.

5  6. Plaintiff is unaware of the true names and capacities of defendants
6 named herein as Does 1 through 10, inclusive, but is informed and believes, and
7 thereon alleges, that each of the fictitiously named defendants engaged in, or is in
8 some manner responsible for, the wrongful conduct alleged herein. Plaintiff
9 therefore sues these defendants by such fictitious names and will amend this
10 complaint to state their true names and capacities when such names have been
11 discovered. (Collectively, Live Nation and Does 1 through 10 will be referred to
12 herein as "Defendants".)

## GENERAL ALLEGATIONS

### *Khosara, Khosara*

17  7. In or about 1957, the popular and influential Egyptian composer Baligh
18 Hamdy authored and fixed in tangible form an original musical composition entitled
19 *Khosara, Khosara*.

20  8. Mr. Hamdy thereafter authorized Mamoun El Shinnaway to write lyrics
21 to the *Khosara, Khosara* music.

22  9. With Mr. Hamdy's permission, *Khosara, Khosara* was featured in the
23 Egyptian film *Fatha Ahlami* (sometimes translated as "Dreams of Youth") starring
24 the famous Egyptian vocalist and actor Abdel Halim Hafez. Mr. Hamdy also
25 arranged, conducted, and recorded *Khosara, Khosara*, as sung by Mr. Hafez ("Hafez
26 Sound Recording").

27  10. In or about 1960, the copyright in the *Khosara, Khosara* musical
28 composition was properly registered, under Egyptian law, in Mr. Hamdy's name as

author and copyright owner.

11. At all times until his death in 1993, Mr. Hamdy retained full copyright ownership of the *Khosara, Khosara* musical composition.

12. Upon Mr. Hamdy's death, ownership of the *Khosara, Khosara* copyright was inherited by his three siblings, Morsi, Asmaa, and Safia. Safia died later in 1993 and Asmaa in 2002. Since approximately December 2002, the *Khosara, Khosara* copyright has been owned jointly by Plaintiff and other Hamdy heirs. Plaintiff also holds a general power of attorney to act on behalf of the other co-owners of the *Khosara, Khosara* copyright.

13. In or about 1995, the copyright owners licensed the right to mechanically reproduce the *Khosara, Khosara* composition and Hafez Sound Recording, without change or alteration, onto records, cassettes, and cartridges. Pursuant to this license, the Hafez Sound Recording was published, in or about 1997, as a track on an album titled *The Movie Collection*, containing original movie soundtracks sung by Mr. Hafez.

14. All publications and reproductions of *Khosara, Khosara* authorized by Baligh Hamdy and his heirs complied in all respects with Egyptian copyright law, and provided proper notice of Mr. Hamdy's copyrights. The copyright in the musical composition *Khosara, Khosara* is valid and subsisting, and has been in full force and effect at all times material to this action.

15. At all material times, Egypt and the United States have been signatories to the Berne Convention, Universal Copyright Convention, Uruguay Round Agreements Act, WIPO treaties and WTO Agreement. As a work authored by an Egyptian national and first published in Egypt, *Khosara, Khosara* is entitled to copyright protection in the United States, consistent with its protection in Egypt, with world trade protocols, and with the letter and spirit of international copyright treaties.

16. By virtue of the Berne Convention, Plaintiff is exempt from any

requirement that an application to register the copyright in *Khosara, Khosara* be filed before an infringement action may be pursued.

### *Big Pimpin'*

17. In or around 1999, the well-known music producer Timothy Mosley (a/k/a Timbaland) came into possession of a recording of *Khosara, Khosara*.

18. That same year, Mr. Mosley played the recording of *Khosara, Khosara* for Shawn Carter (a/k/a Jay-Z). Shortly thereafter, Mr. Mosley and Mr. Carter created and recorded the rap song entitled *"Big Pimpin'"*.

19. *Big Pimpin'* consists of (a) a significant portion of the *Khosara, Khosara* composition, (b) electronic beats, and (c) Mr. Carter's rap. The *Khosara, Khosara* composition is integral to *Big Pimpin'*. It is looped throughout *Big Pimpin'*. It is *Big Pimpin'*'s hook. It gives *Big Pimpin'* a unique identity.

20. *Big Pimpin'* is an unauthorized derivative work that infringes upon the *Khosara, Khosara* copyright.

21. *Big Pimpin'* was first released in or about December 1999 on an album titled *Volume III: Life and Times of S. Carter*. It has subsequently appeared on other Jay-Z albums and collaborations. It is, on information and belief, one of Jay-Z's most famous songs.

### *Live Nation's Sponsorship, Promotion, and Facilitation of Performances of Big Pimpin'*

22. Live Nation is one of the largest (if not the largest) sponsors, producers, and promoters of live concerts in the world. On information and belief, Live Nation owns, operates, has exclusive booking rights for, or has an equity interest in over 100 venues across the United States and beyond.

23. On information and belief, in or around April 2008, Live Nation entered into an agreement with Jay-Z and/or his affiliated entities pursuant to which

Live Nation agreed to sponsor, promote, facilitate, and/or finance Jay-Z's live concerts and tours for the next ten years.

24.    Since partnering with Jay-Z, Live Nation has sponsored and promoted Jay-Z and his tours and performances, sold Jay-Z concert tickets and merchandise, and assisted in organizing and producing Jay-Z tours and concerts.

25.    Since 2008, Jay-Z has performed in numerous concerts and tours, including but not limited to the following: (1) a 2009 summer concert tour "Jay-Z & Ciara Live"; (2) the "Jay-Z Fall Tour 2009"; (3) the "Home & Home Tour" in September 2010 with rapper Eminem; (4) the "Watch the Throne Tour" from October 2011 through June 2012 with rapper Kanye West; (5) the "Legends of the Summer Stadium Tour" from July through August of 2013 with Justin Timberlake; (6) the "Magna Carter World Tour" from October 2013 through January 2014; and (7) the "On the Run Tour" from June through September 2014 with Beyoncé Knowles.

26.    On information and belief, Live Nation organized, promoted, and/or sponsored all of the aforementioned Jay-Z tours.

27.    On information and belief, Jay-Z performed *Big Pimpin'*, or a variation thereof, at every single one of his concerts from 2008 to the present.

28.    On information and belief, Live Nation owned and/or had exclusive booking rights at one or more of the venues at which Jay-Z publicly performed *Big Pimpin'*.

29.    *Big Pimpin'* has been mentioned regularly in concert reviews as one of the songs Jay-Z had performed. *Big Pimpin'* has been mentioned regularly in concert previews as one of the songs Jay-Z was expected to perform.

30.    On information and belief, a substantial percentage of people who purchased tickets to Jay-Z's shows hoped he would perform *Big Pimpin'*, expected he would perform *Big Pimpin'*, and would have been disappointed if he had not performed *Big Pimpin'*.

31.     On information and belief, Live Nation has profited substantially from Jay-Z's performances of *Big Pimpin'*, including, but not limited to, profits from ticket sales, merchandise, parking, concessions, and other revenue streams.

32.     On information and belief, at all relevant times, Live Nation knew that *Big Pimpin'* infringed upon the *Khosara, Khosara* copyright, but it nevertheless continued to sponsor, promote, and facilitate Jay-Z's performances of the infringing work.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

33.     Plaintiff repeats and realleges all the allegations contained in paragraphs 1 through 32, inclusive, as though set forth herein in full.

34.     Plaintiff owns a valid copyright in the *Khosara, Khosara* musical composition.

35.     The Jay-Z song *Big Pimpin'* is an unauthorized derivative work of *Khosara, Khosara*, and therefore infringes upon the *Khosara, Khosara* copyright.

36.     Jay-Z's public performances of *Big Pimpin'* infringe upon the *Khosara, Khosara* copyright.

37.     Live Nation sponsored, for profit, Jay-Z's live performances of *Big Pimpin'*.

38.     Live Nation actively promoted, advertised, and facilitated Jay-Z performances of *Big Pimpin'*.

39.     On information and belief, Live Nation owned and/or had exclusive booking rights at one or more of the venues at which Jay-Z publicly performed *Big Pimpin'*.

40.     On information and belief, Live Nation had an expectation that Jay-Z would perform *Big Pimpin'* at the concerts that Live Nation sponsored and promoted.

41. On information and belief, Live Nation profited substantially from the sale of tickets to concerts at which Jay-Z performed *Big Pimpin'*.

42. The aforementioned acts of Live Nation constitute infringement of the *Khosara, Khosara* copyright.

43. As a result of Live Nation's infringement, Plaintiff has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

44. As a result of its infringement, Live Nation has received profits, advantages, and benefits, in amounts that have yet to be determined.

45. Future infringement by Live Nation will cause Plaintiff irreparable harm, including but not limited to harm to the value of the *Khosara, Khosara* copyright.

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

46. Plaintiff repeats and realleges all the allegations contained in paragraphs 1 through 45, inclusive, as though set forth herein in full.

47. On information and belief, Live Nation intentionally and knowingly contributed to the infringement of Plaintiff's copyright by producing, promoting, and facilitating Jay-Z's public performances of *Big Pimpin'*.

48. On information and belief, Live Nation owned and/or had exclusive booking rights at one or more of the venues at which Jay-Z publicly performed *Big Pimpin'*.

49. On information and belief, Live Nation provided substantial and integral assistance to the public performances of *Big Pimpin'*, including but not limited to ticketing and promotional services.

50. On information and belief, at no point did Live Nation attempt to stop or mitigate Jay-Z's infringement of *Khosara Khosara*.

51. Live Nation, with knowledge of the infringing activity of Jay-Z, therefore enabled, induced, caused, and/or contributed to Jay-Z's copyright infringement.

52. As a result of Live Nation's unlawful and deliberate conduct as set forth above, Plaintiff has been, and will continue to be, damaged.

53. Live Nation therefore, in addition, or in the alternative, to its liability for direct infringement of Plaintiff's work, is liable for contributory infringement.

54. As a result of Live Nation's contributory infringement, Plaintiff has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

55. As a result of its contributory infringement, Live Nation has received profits, advantages, and benefits, in amounts that have yet to be determined.

56. Future contributory infringement by Live Nation will cause Plaintiff irreparable harm, including but not limited to harm to the value of the *Khosara, Khosara* copyright.

### THIRD CLAIM FOR RELIEF

**(Vicarious Copyright Infringement)**

57. Plaintiff repeats and realleges all the allegations contained in paragraphs 1 through 56, inclusive, as though set forth herein in full.

58. In or about April 2008, Live Nation entered into a contractual relationship with Jay-Z to serve as a producer and promoter of his live performances over the next ten years.

59. On information and belief, during all relevant times, Live Nation had certain rights to supervise and/or control the planning, promotion and/or execution of Jay-Z's concert performances, including those at which Jay-Z performed the infringing work *Big Pimpin'*.

60. On information and belief, during all relevant times, Live Nation

participated extensively in the planning, promotion, and/or execution of Jay-Z's concert performances, including those at which Jay-Z performed the infringing work *Big Pimpin'*.

61. On information and belief, Live Nation owned and/or had exclusive booking rights at one or more of the venues at which Jay-Z publicly performed *Big Pimpin'*.

62. On information and belief, the hope and expectation that Jay-Z would perform *Big Pimpin'* drew a significant percentage of attendees to the concerts, thereby increasing Live Nation's profit.

63. Live Nation therefore, in addition, or in the alternative, to its liability for direct and/or contributory infringement of Plaintiff's work, is liable for vicarious infringement.

64. As a result of Live Nation's vicarious infringement, Plaintiff has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

65. As a result of its vicarious infringement, Live Nation has received profits, advantages, and benefits, in amounts that have yet to be determined.

66. Future vicarious infringement by Live Nation will cause Plaintiff irreparable harm, including but not limited to harm to the value of the *Khosara, Khosara* copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For actual damages according to proof;
2. For Live Nation's profits and gains according to proof;
3. For temporary, preliminary, and permanent injunctive relief, restraining and enjoining Live Nation, its agents and all persons acting in concert with it from promoting, producing, or facilitating any live performance of *Big Pimpin'*.

4. For all other damages authorized by the Copyright Act to accomplish its remedial as well as its deterrent objectives;

5. For costs of suit; and

6. For such further relief as the Court deems just and proper.

Dated: February 18, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Christopher M. Kolkey

By:     s/ Keith J. Wesley
        Keith J. Wesley

Attorneys for Plaintiff Osama Ahmed Fahmy

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: February 18, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Christopher M. Kolkey

By:     s/ Keith J. Wesley
        Keith J. Wesley

Attorneys for Plaintiff Osama Ahmed Fahmy